THE HONORABLE BENJAMIN SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JESUS CHAVEZ FLORES,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; THOMAS D. HOMAN, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration an Customs Enforcement; BRYAN WILCOX, Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement; WILLIAM PENALOZA, Assitant Field Office Director, Detention, Seattle Field Office of U.S. Immigration and Customs Enforcement; THE GEO GROUP, INC., a Florida corporation; LOWELL CLARK, Warden, Northwest Detention Center,<br><br>　　　　　　　　Defendants. | Case No.: 3:18-cv-05139-BHS<br><br>THE GEO GROUP, INC. AND LOWELL CLARK'S AMENDED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>NOTED: April 13, 2018 |

///

THE GEO GROUP, INC. AND LOWELL CLARK'S AMENDED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 1 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

## I. INTRODUCTION

The GEO Group Inc. and Warden Lowell Clark of the Northwest Detention Center ("NWDC") move to dismiss the complaint against them because they are not state actors for purposes of enforcing the First Amendment and because Mr. Chavez Flores fails to state any plausible claims for which relief may be granted when he swears out a false complaint contradicted by his own statement to law enforcement. His claims have no credibility in fact and no legal support because temporarily separating a detainee from the general population to de-escalate a disturbance does not violate the constitution, nor does disciplinary segregation.

## II. FACTS

### Chavez Incites A Disturbance

On or about February 7, 2018, Maru Villalpando of NWDC Resistance organized a "hunger strike" and "work stoppage" inside the NWDC.[1] On February 8, 2018, Jesus Chavez Flores ("Chavez") announced to his whole housing unit that his fellow detainees should not eat lunch after hearing on the radio an invitation to join in.[2] When the detainees refused lunch, the housing unit detention officer notified command staff.[3] Command staff responded to the unit to speak to Mr. Chavez outside the housing unit.[4] Mr. Chavez refused to accompany Capt. Portillo outside the unit.[5] Numerous other detainees blocked the doorway, surrounded the detention officers, and refused instructions to "bunk up."[6] While attempting to clear the

---

[1] Dkt. 2-2 at 83 (Cho Dec. Ex. L) and http://www.nwdcresistance.org/wp-content/uploads/2015/09/Feb-10-Hunger-Strike-Press-Release-.pdf
[2] Dkt. 25 (Amended Mell Dec. Ex. F Chavez Statement to TPD).
[3] Dkt. 23 (Portillo Dec. Ex. B D/O Gordon Statement)
[4] Dkt. 23 (Portillo Dec. at 2) and Dkt. 25 Amended Mell Dec. Ex. F (Chavez Statement to TPD).
[5] Dkt. 23 (Portillo Dec.)
[6] *Id.*

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 2 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

doorway, Mr. Chavez appears to have been accidentally clipped possibly by a detention officer.[7] The video shows Mr. Chavez cover his eye while moving within a group of detainees who are blocking the doorway and a detention officer can be seen directing them sideways away from the doorway with his arm extended.[8] No one ever punched Mr. Chavez.[9] Captain Portillo photographed Mr. Chavez in the medical unit.[10] Mr. Chavez had no observable injuries.[11] The photos show him to be without swelling, bruising, or redness. Later Captain Portillo observed Mr. Chavez intentionally aggravating his eye, which the Public Health Service attended to medically.[12] Mr. Chavez returned to the housing unit after receiving medical attention. No one imposed any discipline against him for his disruptive behavior.[13]

### Chavez Possessed Contraband

On February 10, 2018, the housing unit detention officer found contraband in the locked security box assigned to Mr. Chavez.[14] Mr. Chavez had in his possession fermenting apples.[15] Alcohol is considered contraband. Mr. Chavez received disciplinary detention for possessing contraband. He received twenty days on February 14, 2018 at 14:30 with credit dating back to the 10th.[16] Right after his disciplinary hearing, the Tacoma Police Department responded to his wife's call wherein she reported an alleged assault from the

---

[7] Dkt. 25 (Amended Mell Dec. Ex. F Police Report)
[8] Dkt. 25 (Amended Mell Dec. Ex. E Video)
[9] Dkt. 25 (Amended Mell Dec. Ex. A Incident Report)
[10] Dkt. 23 (Portillo Dec.)
[11] Dkt. 25 (Amended Mell Dec. Ex. C Photos)
[12] Dkt. 23 (Portillo Dec.)
[13] *Id.*
[14] Dkt. 25 (Amended Mell Dec. Ex. H Search Report)
[15] Dkt. 25 (Amended Mell Dec. Ex. H Search Report)
[16] Dkt. 25 (Amended Mell Dec. Ex. I Seg Order)

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 3 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

unrelated disturbance of February 8th.[17]   TPD interviewed Mr. Chavez at 14:45 on February 14, 2018 after he had been disciplined.[18]

### Chavez Files Suit

On February 23, 2018, Mr. Chavez filed suit alleging a First Amendment claim only.[19] Mr. Chavez makes the false assertion that the detention officer who was attempting to move him and other detainees away from the door "punched Mr. Chavez with a closed fist in the left eye."[20]   This assertion is not true as is evident from the video and his report to law enforcement.[21]

### III.  LEGAL ARGUMENT

A.  Plaintiff Fails to State A Claim

Fed. R. Civ. P. 8(a)(2)  requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required, but case law explains that a federal complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[22]  The grounds must set forth more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[23] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[24] The complaint must meet "plausibility" standards.  A claim is facially plausible when the facts pled "allow the court

---

[17] Dkt. 23 (Portillo Dec.)
[18] Dkt. 25 (Amended Mell Dec. Ex. G Log Book)
[19] Dkt. 1 (Complaint)
[20] Dkt. 1 at 6.
[21] Dkt. 25 (Amended Mell Dec. Ex. F Police Report and Chavez Statement)
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[23] *Twombly*, 550 U.S. at 555.
[24] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 4 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]  The Court may rely upon its "judicial experience and common sense" when ruling on the sufficiency of a complaint.[26]

B.       GEO Not A State Actor For Purposes of First Amendment Relief

   1. No Section 1983 Liabilities for Private Contractors

A federal statutory cause of action under 42 U.S.C. § 1983 to enforce the First Amendment must allege acts or omissions taken under color of state law.[27]  GEO is a private corporation, not a state actor.  Thus, there is no statutory cause of action available to Mr. Chavez to enforce the First Amendment against GEO or its Warden.

   2.     No Bivens Remedies Available Against GEO or Its Warden Who Are Private Actors

Private correctional facilities like GEO and it's employees may not be sued under the common law "*Bivens*" theory of civil rights liability.[28]  There is no implied private right of action, pursuant to *Bivens*, for damages against private entities allegedly acting under color of federal law.  The purpose of a common law theory against federal officers is to deter individual federal officers from engaging in constitutional violations.  Here there are no federal actors involved, and even if there were, GEO and Warden Clark are not federal officers, nor do they have any control over ICE.

C.       Plaintiff Was Not Assaulted, And He Possessed Contraband In Violation of the Rules

---

[25] *Twombly*, 550 U.S. at 556
[26] *Id*. at 679.
[27] *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129 (2009).
[28] *CSC v. Malesko*, 534 U.S. 61, 122 S. Ct. 515 (2001); *Minneci v. Pollard*, 132 S. Ct. 617 (2012).

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 5 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Plaintiff sets forth a frivolous complaint that is not supported by the facts. As set forth above, GEO may not be restrained based upon federal constitutional principals applicable exclusively to government actors. But even if plaintiff were to allege a theory applicable to a state actor like GEO, the restraints it seeks would violate basic correctional standards essential to the orderly operation of detention facilities. Instigating a collective hunger strike and blocking the doorway in violation of basic instructions is disruptive to prison safety and security, and is not protected conduct under the First Amendment.[29] A hunger strike leader who causes disruption within a facility in violation of the rules is appropriately subject to discipline to include being moved from nonparticipating inmates to maintain order. Removal from the general population is a legitimate correctional goal.[30]

Disciplinary action does not equate to unlawful retaliation simply by showing adverse activity by an inmate following protected speech. A plaintiff must show a nexus between the speech and the adverse action:[31]

> To the extent defendants segregated and instituted disciplinary proceedings against plaintiff because they believed he instigated the strike, this does not amount to retaliation for the exercise of a constitutional rights because plaintiff had no First Amendment right to instigate the strike. The evidence is uncontradicted that the strike included assaults and the threat of assaults on inmates who did not participate. In addition, the work stoppage threatened to prevent the orderly operation of the prison, including the preparation and disbursement of meals to the inmates. Preventing such a strike, and disciplining inmates responsible for instigating such a strike, is certainly reasonably related to the legitimate penological goal of preserving inmate safety and prison security. See *Beards v. Banks*, 548 U.S. 521, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (although normally the court draws all justifiable inferences in the non-movant's favor at the summary judgment

---

[29] *Brown v. Rasley,* 113-CV-02094-AWIBAMPC*,* 2017 WL 6344424 at *4 (E.D. Cal. Dec. 12, 2017), *citing to Arredondo v. Drager,* No. 14–CV–04687–HSG, 2016 WL 3755958, at *7–8, 15 (N.D. Cal. July 14, 2016) (collecting cases); see also *Fulton v. Lamarque*, No. C 03–4709 RMW (PR), 2008 WL 901860, at *5 (N.D. Cal. Mar. 31, 2008) (prisoner has no First Amendment right to instigate a strike).

[30] *Yandell v. Cate,* C 12-4566 PJH PR, 2013 WL 97769 at *2 (N.D. Cal. Jan. 7, 2013*).*

[31] *Fulton v. Lamarque*, C 03-4709 RMW (PR), 2008 WL 901860, at *5 (N.D. Cal. Mar. 31, 2008).

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 6 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

stage, in disputed matters of professional judgment, the court's inferences must accord deference to the views of prison authorities).

Plaintiff requests relief that is intended to interfere with the safe and security operation of the facility. The conduct he seeks to restrain such as disciplinary segregation is not an interference with any rights he has while detained.

Plaintiff fails to establish any required nexus between his disciplinary segregation for possession of contraband and his alleged protected activities. Indeed, plaintiff omits the very evidence of the search finding the fermenting apples in his own locker.[32] He deceptively offers only the evidence search report for his bunk, and not his locker.[33] Plaintiff submits his own statement alleging he does not even drink, yet his criminal history is replete with alcohol related offenses and other crimes indicating he is not trustworthy.[34] Plaintiff did not suffer any retribution for contacting law enforcement because his segregation had been finally determined before the Tacoma Police Department arrived.

With regard to plaintiff's allegations that he was assaulted, his own statement to law enforcement is inconsistent with the declaration in support of temporary restraint and with his complaint. Any contact any GEO officer had with plaintiff was accidental.[35] Additionally, any such contact was the direct consequence of a resistance he initiated that violated the rules and put everyone at risk. His conduct in damaging his own eye further evidences the fact that plaintiff has manufactured evidence in violation of his obligation to be truthful in his filings.

IV.  CONCLUSION

---

[32] Dkt. 23 (Portillo Dec.)

[33] Chavez Dec. Ex. A. (Evidence/Search Report) and Amended Mell Dec. Ex. H (Evidence/Search Reports)

[34] Cho Dec. at Ex. F (Institutional Disciplinary Panel Report - Detainee Statement "I don't even drink alcohol.") & Amended Mell Dec. Ex. J and Ex. K (Criminal History).

[35] Dkt. 25 Amended Mell Dec. Ex. C (Lt. Snyder Memo)

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 7 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Plaintiff has no remedy against GEO or its Warden under Section 1983 or *Bivens* to enforce the First Amendment. Plaintiff states a frivolous complaint that should be dismissed outright with prejudice.

Dated this 21st day of March, 2018 at Fircrest, WA.

III Branches Law, PLLC

_____
Joan K. Mell, WSBA #21319
Attorney for The GEO Group, Inc.,
and Warden Lowell Clark

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 8 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On March 21, 2018, I electronically filed the above The GEO Group, Inc. and Lowell Clark's Amended Motion For Summary Judgment, with the Clerk of the Court using the CM/ECF system and served via U.S. Mail to the following:

| ATTORNEY NAME & ADDRESS | METHOD OF DELIVERY |
|---|---|
| Emily Chiang, WSBA No. 50517<br>Eunice Hyunhye Cho, GA Bar No. 632669<br>American Civil Liberties Union of Washington Foundation<br>901 Fifth Avenue, Suite 630<br>Seattle, WA 98164<br>(206)-624-2184<br>echiang@aclu-wa.org<br>echo@aclu-wa.org<br><br>Sarah K. Morehead, WSBA No. 29680<br>Assistant United States Attorney<br>United States Attorney's Office<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101<br>(206)-553-7970<br>sarah.morehead@usdol.gov | ■ CM/ECF E-Service |

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 21st day of March, 2018 at Fircrest, Washington.

_____
Joseph Fonseca, Paralegal

THE GEO GROUP, INC. AND LOWELL CLARK'S
AMENDED MOTION AND MEMORANDUM FOR SUMMARY
JUDGMENT DISMISSAL OF PLAINTIFF'S COMPLAINT - 9 of 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph