UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS CHAVEZ FLORES,

        Plaintiff,

v.

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,
et al.,

        Defendants.

CASE NO. 3:18-cv-05139-BHS-DWC

ORDER GRANTING LEAVE TO AMEND

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Jesus Chavez Flores to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion to Amend ("Motion"), in which he seeks to amend his Amended Complaint.[1] Dkt. 45.

---

[1] Plaintiff names GEO Group, Inc. ("GEO"), Immigration and Customs Enforcement ("ICE"), and several of both organizations' employees as Defendants. Dkt. 1. ICE is a federal law enforcement agency within the Department of Homeland Security responsible for the criminal and civil enforcement of United States immigration law. *Id.*, p. 3. GEO is a contractor under ICE, providing facilities, management, personnel, and services to house detainees in ICE custody. *Id.*, p. 4. GEO Defendants' Amended Motion for Summary Judgment (Dkt. 26) and ICE

ORDER GRANTING LEAVE TO AMEND - 1

The Court concludes the interests of justice require giving leave to amend. Accordingly, Plaintiff's Motion (Dkt. 45) is granted.

**BACKGROUND**

Plaintiff, represented by counsel, filed his Motion on May 21, 2018. Dkt. 45. ICE Defendants do no oppose the filing of the Second Amended Complaint. Dkt. 46, p. 5. However, GEO Defendants filed a Response, arguing the filing of a Second Amended Complaint would unduly prejudice GEO Defendants and that the filing of the Second Amended Complaint is being done in bad faith. Dkt. 50. Plaintiff file a Reply, arguing there was nothing to bar this Court from liberally granting leave to amend. Dkt. 52.

**DISCUSSION**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Because leave to amend should be freely given, "the nonmovant bears the burden of showing why amendment should not be

---

Defendants' Motion to Dismiss (Dkt. 38) are also pending in this action. The Court will address those Motions in a separate Report and Recommendation.

ORDER GRANTING LEAVE TO AMEND - 2

granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986). Thus, all inferences must be drawn in favor of the moving party. *Griggs*, 170 F.3d at 880.

Though ICE Defendants do not oppose the Motion, GEO Defendants do. Dkt. 50. GEO Defendants first argue the Second Amended Complaint contains patently false factual allegations. *Id*. However, the Court must draw all inferences in favor of the moving party. *Griggs*, 170 F.3d at 880. Thus a factual dispute at this stage is immaterial to determining whether to grant leave to amend.

GEO Defendants argue further Plaintiff's Second Amended Complaint will prejudice GEO Defendants because, by adding Defendant McMahon as a named Defendant, his professional reputation would be tarnished by frivolous allegations, he would be subjected to additional time and money to defend against the allegations, and the Second Amended Complaint has no basis in good faith. *Id*. However, adding Defendant McMahon as a party is not sufficient to show prejudice against him. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[Liberally] granting leave to amend is not dependent on whether the amendment will add causes of action or parties."). "'Prejudice' in the context of a motion to amend, means 'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party,'" and GEO Defendants have not shown how speculative harm to Defendant McMahon's reputation has inhibited him from defending himself here. *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quoting *Deakyne v. Cmmsrs. Of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). Similarly, the prospect of additional expense in defending against the allegations does not of itself establish prejudice. *See Nissou-Rabban v. Capital One Bank*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal. 2018)

1  ("[T]he expenditure of additional monies or time do not constitute undue prejudice."). GEO

2  Defendants have not shown they will be prejudiced by granting leave to amend.

3      GEO Defendants have also not shown Plaintiff unduly delayed the proceedings by filing

4  his Motion because the action is still at an early stage -- discovery has not even begun. It appears

5  Plaintiff filed the Motion in good faith because he has now named Defendant McMahon, a

6  Defendant who he could not name previously. *See* Dkt. 52, pp. 3-4. It also appears Plaintiff filed

7  the motion in good faith because some of his Second Amended Complaint responds to ICE

8  Defendants' arguments that the Court lacks jurisdiction contained in their Motion to Dismiss. *Id.*,

9  p. 4. Further, the amendment is not futile because, as amended, GEO Defendants have not

10  demonstrated there is "no set of facts" that would constitute a claim for which relief could be

11  granted. *Miller v. Rykoff Sextion, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## CONCLUSION

13      For the reasons stated above, the Court grants Plaintiff's Motion. Dkt. 45. Plaintiff may

14  file his Second Amended Complaint on or before June 26, 2018.

15      Dated this 19th day of June, 2018.

*[signature]*

David W. Christel
United States Magistrate Judge