THE HONORABLE BENJAMIN SETTLE
THE HONORABLE DAVID W. CHRISTEL

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JESUS CHAVEZ FLORES,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>                    Defendants. | Case No.: 3:18-cv-05139-BHS-DWC<br><br>THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>NOTED: August 3, 2018 |

## I. INTRODUCTION

The GEO Group Inc., Warden Lowell Clark, Associate Warden William McHatton, Captain Leroy Portillo, Officer Michael Beardsley and GEO Does 1-10 of the Northwest Detention Center ("GEO") move to dismiss Plaintiff's second amended complaint ("SAC") against them because they are not state actors for purposes of enforcing the First Amendment and because Mr. Chavez Flores states false claims against them. No one assaulted plaintiff and there are no genuine issues of material fact in dispute. Plaintiff's claims have no credibility in fact because his police report, photographs, medical records and expert testimony

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                                       1 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

show he suffered no blunt force trauma. His claims have no legal support because temporarily separating a detainee from the general population to de-escalate a disturbance does not violate the constitution, nor does disciplinary segregation.

## II.  FACTS

### Chavez Incites A Disturbance

On or about February 7, 2018, Maru Villalpando of NWDC Resistance organized a "hunger strike" and "work stoppage" inside the NWDC.[1] On February 8, 2018, Jesus Chavez Flores ("Chavez") announced to his whole housing unit that his fellow detainees should not eat lunch after hearing on the radio an invitation to join in.[2] When the detainees refused lunch, the housing unit detention officer notified command staff.[3] Command staff responded to the unit to speak to Mr. Chavez outside the housing unit.[4] Mr. Chavez refused to accompany Capt. Portillo outside the unit.[5] Numerous other detainees blocked the doorway, surrounded the detention officers, and refused instructions to "bunk up."[6] While attempting to clear the doorway, Mr. Chavez appeared to have been accidentally clipped possibly by a detention officer.[7] The video shows Mr. Chavez covering his eye while moving within a group of detainees who are blocking the doorway and a detention officer can be seen directing them sideways away from the doorway with his arm extended.[8] No one ever punched Mr. Chavez.[9]

---

[1] Dkt. 2-2 at 83 (Cho Dec. Ex. L) and http://www.nwdcresistance.org/wp-content/uploads/2015/09/Feb-10-Hunger-Strike-Press-Release-.pdf
[2] Dkt. 25 (Amended Mell Dec. Ex. F Chavez Statement to TPD).
[3] Dkt. 23 (Portillo Dec. Ex. B D/O Gordon Statement)
[4] Dkt. 23 (Portillo Dec. at 2) and Dkt. 25 Amended Mell Dec. Ex. F (Chavez Statement to TPD).
[5] Dkt. 23 (Portillo Dec.)
[6] *Id.*
[7] Dkt. 25 (Amended Mell Dec. Ex. F Police Report)
[8] Dkt. 25 (Amended Mell Dec. Ex. E Video)
[9] Dkt. 25 (Amended Mell Dec. Ex. A Incident Report)

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                              2 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Captain Portillo photographed Mr. Chavez in the medical unit.[10]  Mr. Chavez had no observable injuries.[11]  The photos show him to be without swelling, bruising, or redness.  Later Captain Portillo observed Mr. Chavez intentionally aggravating his eye, which the Public Health Service attended to medically.[12]  Mr. Chavez returned to the housing unit after receiving medical attention.  No one imposed any discipline against him for his disruptive behavior.[13]

### Chavez Possessed Contraband

On February 10, 2018, the housing unit detention officer found contraband in the locked security box assigned to Mr. Chavez.[14]  Mr. Chavez had in his possession fermenting apples.[15]  Alcohol is considered contraband.  Mr. Chavez received disciplinary detention for possessing contraband.  He received twenty days on February 14, 2018 at 14:30 with credit dating back to the 10th.[16]  Right after his disciplinary hearing, the Tacoma Police Department responded to his wife's call wherein she reported an alleged assault from the unrelated disturbance of February 8th.[17]  TPD interviewed Mr. Chavez at 14:45 on February 14, 2018 after he had been disciplined.[18]

### Chavez Files Suit

---

[10] Dkt. 23 (Portillo Dec.).
[11] Dkt. 25 (Amended Mell Dec. Ex. C Photos).
[12] Dkt. 23 (Portillo Dec.).
[13] *Id.*
[14] Dkt. 25 (Amended Mell Dec. Ex. H Search Report).
[15] Dkt. 25 (Amended Mell Dec. Ex. H Search Report).
[16] Dkt. 25 (Amended Mell Dec. Ex. I Seg Order).
[17] Dkt. 23 (Portillo Dec.).
[18] Dkt. 25 (Amended Mell Dec. Ex. G Log Book).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    3 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

On February 23, 2018, Mr. Chavez filed suit alleging a First Amendment claim only.[19] On April 9, 2018, Mr. Chavez amended his complaint naming two additional defendants in an individual capacity GEO Corrections Officers Michael Beardsley and Leroy Portillo.[20] He added a second, third, and fourth cause of action: Assault and Battery, False Imprisonment, and Negligence.[21] On June 20, 2018 Mr. Chavez filed his Second Amended Complaint naming Associate Warden William McHatton as an additional defendant, and amending his First Amendment claim to address ICE's motion to dismiss.[22] None of these changes perfected his claims as to GEO. GEO moved to dismiss the complaint, which the Court deemed moot when plaintiff filed his SAC.[23] When opposing GEO's earlier summary judgment motion, plaintiff relied solely upon his own declaration to oppose GEO's motion. In his declaration and his SAC, Mr. Chavez makes the false assertion that Detention Officer Beardsley "punched Mr. Chavez with a closed fist in the left eye."[24] This assertion is simply not true as is evident from the video, the photos of his eye, the medical testimony, and his report to law enforcement.[25] He then claims that some unidentified other person must have placed contraband in his own locker to argue that his discipline was unwarranted. His self serving claims have no merit and this case should be dismissed.

III.  LEGAL ARGUMENT

A.  Plaintiff Fails to State or Raise Genuine Issues of Material Fact

---

[19] Dkt. 1 (Complaint).
[20] Dkt. 30 (FAC).
[21] *Id*. at 16-18.
[22] Dkt. 54 (SAC).
[23] Dkt. 55 (Report and Recommendations).
[24] Dkt. 54 at 8.
[25] Dkt. 25 (Amended Mell Dec. Ex. D Photos and Ex. F Police Report and Chavez Statement).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    4 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but case law explains that a federal complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[26] The grounds must set forth more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[27] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[28] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[29] The standard simply requires that there be no genuine issue of material fact.[30] A material fact may not be genuine where the evidence, like it is here, is such that a reasonable jury could not return a verdict for plaintiff.[31] The court may disregard self-serving declarations that lack detailed facts or an explanation for how the declarant knows his statements to be true.[32] Here plaintiff has no factual or legal support for his frivolous claims.

B.   GEO Not A State Actor For Purposes of First Amendment Relief

1. No Section 1983 Liabilities for Private Contractors

A federal statutory cause of action under 5 U.S.C. §§ 702, 706 to enforce the First Amendment must allege acts or omissions taken against an "agency".[33] An "agency" means

---

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[27] *Twombly*, 550 U.S. at 555.
[28] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).
[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505 (1986).
[30] *Id.*
[31] *Id.* at 248.
[32] *Anderson v. City and County of San Franciso*, 169 F.Supp.3d 995 (N.D. Cal. 2016).
[33] *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129 (2009).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                5 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

each authority of the Government of the United States.[34]  GEO is a private corporation, not an "agency" or governmental actor.[35]  Thus, there is no statutory cause of action available to Mr. Chavez to enforce the First Amendment against GEO or of the individuals named in his SAC.

      2.      No *Bivens* Remedies Available Against GEO or Its Employees Who Are Private Actors

Private correctional facilities like GEO and it's employees may not be sued under the common law "*Bivens*" theory of civil rights liability.[36]  There is no implied private right of action, pursuant to *Bivens*, for damages against private entities allegedly acting under color of federal law.  There are no cases finding a private corporation or its employees may be enjoined from violating the First Amendment rights of an ICE detainee.  The purpose of a common law theory against federal officers is to deter individual federal officers from engaging in constitutional violations.  Here there are no federal actors involved, and even if there were, GEO and its employees are not federal officers, nor do they have any control over ICE and they did not violate Mr. Chavez's constitutional interests.

C.      First Amendment Not Implicated

As set forth above, GEO may not be restrained based upon federal constitutional principals applicable exclusively to government actors.  But even if plaintiff were to allege a theory applicable to a state actor like GEO, the restraints it seeks would violate basic correctional standards essential to the orderly operation of detention facilities.  Instigating a

---

[34] 5 U.S.C.A. § 701 (b)(1).
[35] *Perry v. Delaney*, 74 F.Supp. 2d 824 (C.D.Ill. 1999); *Byers v. Intuit, Inc.,* E.D. Pa 2008).
[36] *CSC v. Malesko*, 534 U.S. 61, 122 S. Ct. 515 (2001); *Minneci v. Pollard*, 132 S. Ct. 617 (2012).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC    6 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

collective hunger strike and blocking the doorway in violation of basic instructions is disruptive to prison safety and security, and is not protected conduct under the First Amendment.[37] A hunger strike leader who causes disruption within a facility in violation of the rules is appropriately subject to discipline to include being moved from nonparticipating inmates to maintain order. Removal from the general population is a legitimate correctional goal.[38]

Disciplinary action does not equate to unlawful retaliation simply by showing adverse activity by an inmate following protected speech. A plaintiff must show a nexus between the speech and the adverse action:[39]

> To the extent defendants segregated and instituted disciplinary proceedings against plaintiff because they believed he instigated the strike, this does not amount to retaliation for the exercise of a constitutional rights because plaintiff had no First Amendment right to instigate the strike. The evidence is uncontradicted that the strike included assaults and the threat of assaults on inmates who did not participate. In addition, the work stoppage threatened to prevent the orderly operation of the prison, including the preparation and disbursement of meals to the inmates. Preventing such a strike, and disciplining inmates responsible for instigating such a strike, is certainly reasonably related to the legitimate penological goal of preserving inmate safety and prison security. See *Beards v. Banks*, 548 U.S. 521, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (although normally the court draws all justifiable inferences in the non-movant's favor at the summary judgment stage, in disputed matters of professional judgment, the court's inferences must accord deference to the views of prison authorities).

---

[37] *Brown v. Rasley,* 113-CV-02094-AWIBAMPC, 2017 WL 6344424 at *4 (E.D. Cal. Dec. 12, 2017), *citing to Arredondo v. Drager,* No. 14–CV–04687–HSG, 2016 WL 3755958, at *7–8, 15 (N.D. Cal. July 14, 2016) (collecting cases); see also *Fulton v. Lamarque*, No. C 03–4709 RMW (PR), 2008 WL 901860, at *5 (N.D. Cal. Mar. 31, 2008) (prisoner has no First Amendment right to instigate a strike).

[38] *Yandell v. Cate,* C 12-4566 PJH PR, 2013 WL 97769 at *2 (N.D. Cal. Jan. 7, 2013*).*

[39] *Fulton v. Lamarque*, C 03-4709 RMW (PR), 2008 WL 901860, at *5 (N.D. Cal. Mar. 31, 2008).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10
MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT
DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                   7 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Apparently, Mr. Chavez seeks to enjoin Warden Clark, Associate Warden William McHatton, Detention Officer Beardsley, Captain Leroy Portillo and GEO from assaulting him, placing him in solitary confinement, and changing his security level in retaliation for his free speech activities.[40]  Mr. Chavez has no factual basis to request such relief and he cites no legal authority that would allow the court to entertain injunctive relief against the previously named or newly added defendants.

Mr. Chavez relies solely on *Hernandez v. Dixon*,[41] for the proposition that a plaintiff may enforce the Eighth Amendment against the Warden of a privately run prison by requesting injunctive relief.  Here Mr. Chavez seeks to restrain the Warden, and others, from punishing him for disciplinary infractions when he has engaged in a disruptive hunger strike.  No legal authority exists that would entitle Mr. Chavez to any relief.  Mr. Chavez does not distinguish the controlling authorities cited by GEO applicable to detention.[42]  The *Hernandez* case he cites is not a First Amendment case, but even the *Hernandez* case held in favor of the Warden where the inmate complained he was denied medical relief without alleging any particular facts that showed the Warden failed to provide him adequate medical care.  The First Amendment cases Mr. Chavez cites do not support his case.[43]  The first case *Tinker*, is not a detention case.  The second case, *Stefanoff*, did not find any actionable conduct.  The third case, *Dumbrique*,

---

[40] Dkt. 30 at 15.

[41] Dkt. 31 at 6.

[42] *Brown v. Rasley,* 113-CV-02094-AWIBAMPC, 2017 WL 6344424 at *4 (E.D. Cal. Dec. 12, 2017), *citing to Arredondo v. Drager,* No. 14–CV–04687–HSG, 2016 WL 3755958, at *7–8, 15 (N.D. Cal. July 14, 2016) (collecting cases); see also *Fulton v. Lamarque*, No. C 03–4709 RMW (PR), 2008 WL 901860, at *5 (N.D. Cal. Mar. 31, 2008) (prisoner has no First Amendment right to instigate a strike).  *Yandell v. Cate,* C 12-4566 PJH PR, 2013 WL 97769 at *2 (N.D. Cal. Jan. 7, 2013*). Fulton v. Lamarque*, C 03-4709 RMW (PR), 2008 WL 901860, at *5 (N.D. Cal. Mar. 31, 2008).

[43] Dkt. 31 at 5.

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                                           8 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

does not hold that refusing to eat combined with blocking the exist and refusing to follow instructions is protected activity in detention. *Dumbrique* is not applicable because it is undisputed that Mr. Chavez engaged in disruptive conduct like blocking the door, refusing to speak separately to the Captain, and by inciting others not to eat.

Mr. Chavez fails offer any evidence other than his self serving and not credible declaration to support his case. His own declaration is deficient because he does not dispute the fact that he and the other detainees were blocking the doorway, as seen on the video footage. In addition, Mr. Chavez was refusing instruction to speak with the Captain outside the housing unit separate from the general population. He does not deny that he incited others not to eat. Mr. Chavez offers a declaration in opposition to summary dismissal that shows his conduct was not protected activity under the multiple cases GEO relies upon wherein a detainee has no First Amendment protections from retaliation where a detainee's conduct disrupts the orderly operations of a detention facility.[44]

Mr. Chavez fails to offer any expert opinion testimony in support of his theory. GEO offers the testimony of Captain Leroy Portillo and Associate Warden William McHatton who testify that Mr. Chavez disrupted operations and GEO and its detention officers responded according to policies that are promulgated to protect everyone.[45] GEO's response was reasonably related to his disruptive behavior and then his possession of contraband. Mr. Chavez was not engaged in the kind of activity that protects him from discipline or the requirement that he follow instructions.

---

[44] Dkt. 21 at 6.
[45] Dkt. 23 (Portillo) and Dkt. 34 (2018/04/13 McHatton Dec.)

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC         9 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Mr. Chavez claims to raise disputed issues of material fact by testifying he was punched in the face, impairing his vision. Mr. Chavez offers no medical testimony to support his claims. His testimony is inconsistent with the police report. His testimony is inconsistent with the photographs taken of him. His testimony is inconsistent with his own medical records. Dr. Eric Hartman reviewed Mr. Chavez's medical records and other materials and shares the opinions of Mr. Chavez's provider. Mr. Chavez claims injuries that are not related to a "punch to the face".[46] Mr. Chavez has a lazy eye from childhood. The vision in his left eye has not been distorted due to any blunt force trauma. Mr. Chavez has fabricated his claimed injury, and his self serving declaration may be disregarded.[47]

With regard to his accusations that a guard planted the contraband, Mr. Chavez swears to facts that are not supported by any objective evidence thereby failing to create any genuine issue of material fact. Mr. Chavez offers no direct evidence that any guard planted the contraband. He deceptively claims a search of his bunk cleared him of possessing the contraband, but Mr. Chavez omits the search report that pertains to his locker. Mr. Chavez does not dispute that his locker was searched, and the search of his locker was documented in the separate search report.[48] Mr. Chavez relies entirely upon circumstantial evidence, but even his circumstantial evidence conflicts with the written documents that account for his whereabouts.[49] Mr. Chavez was not in medical when his locker was searched.

---

[46] Dkt. 33 (Hart 04/13/18 Dec.)
[47] *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 784 F.3d 495 (9th Cir. 2015).
[48] Dkt. 25 at 42.
[49] Dkt. 34 (McHatton Dec.)

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    10 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

All of the material facts show that Mr. Chavez suffered an accidental impact because he and others were refusing instructions to return to their bunk. Mr. Chavez did not suffer any injury that would support his claim of retaliation. Mr. Chavez has a notable history of alcohol related offenses, and a criminal history that shows his testimony is simply not credible.

Plaintiff requests relief that is intended to interfere with the safe and security operation of the facility. The conduct he seeks to restrain such as disciplinary segregation is not an interference with any rights he has while detained.

Plaintiff fails to establish any required nexus between his disciplinary segregation for possession of contraband and his alleged protected activities. Indeed, plaintiff omits the very evidence of the search finding the fermenting apples in his own locker.[50] He deceptively offers only the evidence search report for his bunk, and not his locker.[51] Plaintiff submits his own statement alleging he does not even drink, yet his criminal history is replete with alcohol related offenses and other crimes indicating he is not trustworthy.[52] Plaintiff did not suffer any retribution for contacting law enforcement because his segregation had been finally determined before the Tacoma Police Department arrived.

GEO's motion to dismiss plaintiff's First Amendment claims should be granted. While Mr. Chavez has amended his complaint twice, he restates his First Amendment claims that are unsupportable in law and fact.

D.    No Battery or Assault

---

[50] Dkt. 23 (Portillo Dec.)

[51] Chavez Dec. Ex. A. (Evidence/Search Report) and Amended Mell Dec. Ex. H (Evidence/Search Reports)

[52] Cho Dec. at Ex. F (Institutional Disciplinary Panel Report - Detainee Statement "I don't even drink alcohol.") & Amended Mell Dec. Ex. J and Ex. K (Criminal History).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                                            11 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

A battery is the intentional infliction of harmful or offensive bodily contact with the plaintiff.[53] More specifically, a battery is "'[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such contact.'"[54] For there to be intent to cause harmful or offensive contact, "'the act must be done for the purpose of causing the contact ... or with knowledge on the part of the actor that such contact ... is substantially certain to be produced.'"[55] Significantly, the requisite intent for battery is the intent to cause the contact, not the intent to cause injury.[56] An assault occurs when the defendant (a) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the plaintiff is then put in such imminent apprehension.[57]

Plaintiff claims he was punched with a closed fist in his face. He makes no claim to have apprehended or feared he was to be hit by anyone. None of the evidence supports his claims. The photos of his eye show no blunt force trauma of any kind. His medical records show he has a pre-existing lazy eye that impairs his vision. His vision has not been impaired by any blow to his eye. His own statement to law enforcement is inconsistent with the declaration in support of temporary restraint that he filed previously in this action and with his complaint. Any contact any GEO officer had with plaintiff was accidental.[58] Additionally, any such contact was the direct consequence of a resistance he initiated that violated the rules and put everyone at risk.

---

[53] *Sutton v. Tacoma School Dist. No. 10*, 180 Wn.App. 859, 324 P.3d 763 (2014) *citing Moringa v. Vue*, 85 Wn.App. 822, 834, 935 P.2d 637 (1997).
[54] *Id. citing McKinney v. City of Tukwila*, 103 Wn.App. 391, 491, 13 P.3d 631 (200).
[55] *Id. citing Garratt*, 46 Wn.2d 197, at 201-02.
[56] *Id.*
[57] *Brower v. Ackerly*, 88 Wn.App. 87, 92-93, 943 P.2d 1141. (1997) *citing Howell v. Winters*, 58 Wn. 436, 437-38, 108 P. 1077 (1910).
[58] Dkt. 25 Amended Mell Dec. Ex. C (Lt. Snyder Memo)

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    12 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Maintaining institutional security and preserving internal order are essential goals of a locked facility, and accordingly detention officers are afforded wide-ranging deference to preserve internal order and discipline.[59]  Furthermore, plaintiff's conduct in damaging his own eye evidences the fact that plaintiff is willing to manufacture evidence to support his claims. Mr. Chavez has no claim that any GEO defendant assaulted or battered him, and his complaint should be dismissed.

E.   No False Imprisonment

False imprisonment is the unjustified intentional confinement of a person.[60]  Plaintiff fails to establish any facts that would support a false imprisonment claim.  In the context of confinement, even "some evidence" or "any evidence" will justify a disciplinary decision.[61]  A person who is confined has no reasonable expectation that disciplinary segregation is unjustifiable absent circumstances that are far more extreme that can be expected of a free person.[62]

Here, Mr. Chavez had contraband in his own locker.  He does not dispute that contraband was present in his locker.  His contention that he did not put the contraband in his own locker is unbelievable since he offers no explanation nor factual basis to claim any other person put the contraband in his locker.  His criminal history includes alcohol related criminal misconduct. Mr. Chavez offers no evidence to show that GEO had an unreasonable belief that the contraband was his.  Mr. Chavez's own self-serving statements are insufficient to call a lawful detention into

---

[59] *Wills v. Vasquez*, 648 F.Appx. 720 (9th Cir. 2016).
[60] *Tufte v. City of Tacoma*, 71 Wn. 2d 866, 431 P.2d 183 (1967).
[61] P*etition of Johnson*, 109 Wn. 2d 493, 745 P.2d 864 (1987).
[62] *Kellogg v. State*, 94 Wn. 2d 851, 857, 621 P.2d 133 (1980).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                                                   13 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

question. A court order or some other independent evidence is needed to call into question GEO's rationale for enforcing the disciplinary segregation approved by ICE.[63]

Mr. Chavez has no false imprisonment claim.

F.  GEO Fulfilled Its Duties To Secure the Facility

Negligence, of course, requires duty, breach, and resultant injury; and the breach of duty must also be shown to be the proximate cause of the injury.[64]

Mr. Chavez sets forth only conclusory allegations in his negligence cause of action. He fails to explain what duty GEO breached and by what conduct. He appears to claim GEO caused his eye injury, but Mr. Chavez did not suffer any eye injury. Mr. Chavez also blames GEO for his disciplinary segregation, but fails to explain how GEO violated any duty owed to him. Finally, Mr. Chavez claims he was denied adequate medical care, yet the undisputed facts show he received immediate and follow-up medical care. Mr. Chavez has no negligence case.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's second amended complaint should be dismissed with prejudice.

---

[63] *Castro v. City of Hanford*, 546 F. Supp. 2d 822, 828 (E.D. Cal. 2008).
[64] *Petersen v. State,* 100 Wash.2d 421, 435, 671 P.2d 230 (1983); *LaPlante v. State,* 85 Wash.2d 154, 159, 531 P.2d 299 (1975).

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC         14 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Dated this 10th day of July, 2018 at Fircrest, WA.

III Branches Law, PLLC

_____
Joan K. Mell, WSBA No. 21319
Attorney for The GEO Group, Inc.,
Warden Lowell Clark,
Associate Warden William HcHatton,
Leroy Portillo, Michael Beardsley, and
GEO Does 1-10.

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    15 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

# CERTIFICATE OF SERVICE

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On July 10, 2018, I electronically filed the above GEO Defendants' Motion and Memorandum For Summary Judgment Dismissal of Plaintiff's Second Amended Complaint, with the Clerk of the Court using the CM/ECF system and served via the CM/ECF E-Service system and E-Mail to the following:

Emily Chiang, WSBA No. 50517
Eunice Hyunhye Cho, GA Bar No. 632669
Antoinette M. Davis, WSBA No. 29821
American Civil Liberties Union of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206)-624-2184
echiang@aclu-wa.org
echo@aclu-wa.org
tdavis@aclu-wa.org

McNaul, Ebel, Nawrot & Helgren, PLLC
Daniel M. Weiskopf, WSBA No. 44941
Theresa DeMonte, WSBA No. 43994
600 Univeristy Street, Suite 2700
Seattle, WA 98101
dweiskopf@mcnaul.com
tdemonte@mcnaul.com

Sarah K. Morehead, WSBA No. 29680
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206)-553-7970
sarah.morehead@usdol.gov

///

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    16 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 10th day of July, 2018 at Fircrest, Washington.

_____
Joseph Fonseca, Paralegal

THE GEO GROUP, INC., LOWELL CLARK'S, WILLIAM MCHATTON'S, MICHAEL BEARDSLEY'S, LEROY PORTILLO'S, AND GEO DOES 1-10 MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3:18-cv-05139-BHS-DWC                    17 of 17

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph