UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS CHAVEZ FLORES,

    Plaintiff,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

    Defendants.

CASE NO. 3:18-cv-05139-BHS-DWC

ORDER ON MOTION TO SEAL

Plaintiff Jesus Chavez Flores, represented by counsel, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court is GEO Defendants'[1] Motion to Seal ("Motion") (Dkt. 79).[2]

---

[1] "GEO Defendants" include The GEO Group, Inc., Lowell Clark, William McHatton, Michael Beardsley, Leroy Portillo, and GEO Does 1-10. "ICE Defendants" include United States Immigration and Customs Enforcement ("ICE"), Thomas D. Homan, Bryan Wilcox, William Penaloza, and ICE Does 1-10.

[2] The Court notes Plaintiff's Motion to File Third Amended Complaint (Dkt. 87), ICE Defendants' Motion for Summary Judgment (Dkt. 90), and GEO Defendants' Motion for Reconsideration (Dkt. 96) are also pending before this Court. The Court will make a determination as to those motions in separate Orders or Reports and Recommendations. The Court also notes the Court's Report and Recommendation as to GEO Defendants' Motion for Summary Judgment (Dkt. 83), GEO Defendants' Objections to the Report and Recommendation (Dkt. 95), and
ORDER ON MOTION TO SEAL - 1

## BACKGROUND

Plaintiff initially filed this action on February 23, 2018. Dkt. 1. On March 20, 2018, GEO Defendants filed a Motion for Summary Judgment. Dkt. 21. They included a declaration containing still photographs from a security video depicting the incident in question in this case. Dkt. 22. The Clerk administratively sealed that declaration because it contained personally identifying information in violation of Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2. *Id*. On March 21, 2018, GEO Defendants filed an amended declaration, redacting the personally identifying information, and also filed a DVD copy of the security video with the Clerk. Dkts. 24, 25. They did not request either filing be sealed. *Id*.

On September 28, 2018, GEO Defendants filed their Motion, requesting the Court seal the security video and the still photographs, and requesting permission to file a redacted version of the still photographs to remove personally identifying information. Dkt. 79. They argue the photographs and video depict several detainees' faces, and so could compromise their privacy if left public. *Id*. Plaintiff filed a response opposing the Motion, arguing in part GEO Defendants had waived their ability to seal the exhibits because GEO Defendants filed the exhibits on the public record and waited almost six months before they requested the exhibits be sealed. Dkt. 84. Plaintiff also argued GEO Defendants had failed to articulate a compelling reason to seal the exhibits, and argued the video is too grainy to compromise any detainees' identity. *Id*. ICE Defendants also responded, arguing sealing of the exhibits is necessary in order to protect the identities of detainees who could potentially be identified in both the security video and the still photographs. Dkt. 86.

---

Plaintiff's Objections to the Report and Recommendation (Dkt. 99) are pending before the Honorable Benjamin H. Settle.

In addition, before the Motion came ready for consideration, the Court filed a Report and Recommendation on GEO Defendants' Motion for Summary Judgment, taking the unredacted exhibits into consideration. *See* Dkt. 83.

## DISCUSSION

GEO Defendants have filed a motion to seal two exhibits: a security video of the incident at issue in this case, and a series of still photographs taken from that video. The Court will not maintain documents under seal simply because parties have designated it confidential. Rather, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *see also* Local Civil Rule 5(g). Parties who seek to maintain the secrecy of documents related or attached to dispositive motions "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136); *see also E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, 2018 WL 4090585, at *1-2 (E.D. Cal. Aug. 27, 2018) (applying the "compelling reasons" standard to a dispositive motion). Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79. "'[C]ompelling reasons sufficient to outweigh the public's interest in disclosure' exist when court records might 'become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (2018) (quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted).

The Ninth Circuit applies this high standard both to exhibits attached to motions for summary judgment and exhibits admitted at trial because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *see also Foltz*, 331 F.3d at 1135-36 (noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Courts in the Ninth Circuit have held, in the context of trial, "[w]here the record already has been disclosed in open court . . . 'there is no longer a favorable *presumption* of public access; rather, there *is* public access." *In re Bard IVC Filters Products Liability Litigation*, 2018 WL 3721373, at *2 (D. Ariz. Aug. 3, 2018) (quoting *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) (emphasis in original); *Philips v. C.R. Bard, Inc.*, 2015 WL 3485039, at *2 (D. Nev. June 1, 2015) ("Defendants have waived the issue [of whether a document could be sealed] because Defendants made no motion to seal the exhibits or testimony at the public trial") (internal citations omitted); *see also Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 2010 WL 2710566, at *4 (D. N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*. Ex-post facto sealing should not generally be permitted") (emphasis in original).

Initially, GEO Defendants filed a declaration containing still photographs from the security video on March 20, 2018. Dkt. 22. The Clerk administratively sealed the declaration

because it contained other personally identifying information that should have been redacted pursuant to Federal Rule of Civil Procedure 5.2, and Local Civil Rule 5.2. *Id*. On March 21, 2018, GEO Defendants filed an amended declaration, redacting the information identified by the Clerk, Dkt. 25, and also filed a security video of the incident, Dkt. 24. GEO Defendants did not file either the amended declaration or the video under seal, and did not move to file it under seal at that time. Dkts. 24, 25. GEO Defendants relied in part on the photographs and the video in their Motion for Summary Judgment, Dkt. 21, pp. 3, 4, and the Court relied in part on the video and photographs in making its determination in its Report and Recommendation, Dkt. 51, p. 14.

      Here, GEO Defendants have waived their right to request the exhibits containing the photographs and video be sealed. GEO Defendants filed the photographs and videos publically on the docket, relied on the photographs and videos when they publically filed their Motion for Summary Judgment, and did not request the exhibits be sealed until September 28, 2018, almost six months after they publically filed the exhibits. Thus, there is no longer a *presumption* to public access to the documents GEO Defendants request the Court seal – there *is* public access. *See*, *e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2nd Cir. 2004) (declining to seal a district court order that improperly referred to a confidential settlement amount because the order containing the settlement amount had already been made public). Indeed, Plaintiff has provided evidence that the video has already been accessed by the public when a journalist viewed the video in the Clerk's office. *See* Dkt. 85. Thus, because GEO Defendants filed the exhibits in question on the public record without requesting they be sealed, because they waited until the exhibits had already been public for six months before requesting they be sealed, and because the public has already accessed them, the Court finds they may not now request an "ex post facto" sealing of the exhibits. *See Dees v. County of San Diego*, 302 F. Supp. 3d 1168, 1173 (S.D. Cal.

Oct. 10, 2017) (noting a party waives their ability to seal a document when they allow it to become part of the public record during trial); *Franklin v. Allstate Corp.*, 2008 WL 2661943, at *1 n.1 (N.D. Cal. June 25, 2008) (noting a request to seal a motion was waived when the motion was filed on the public record).

Further, pursuant to local rule, a party may only seal a document under two circumstances: (1) "if a statute, rule, or prior court order expressly authorizes the party to file the document under seal;" or (2) "if the party files a motion or stipulated motion to seal the document *before or at the same time* the party files the sealed document." LCR 5(g)(2) (emphasis added). Here, there was not a rule, statute, or court order providing GEO Defendants leave to seal the exhibits in question. Further, as noted above, GEO Defendants waited until almost six months after they publically filed the exhibits before requesting they be sealed. Thus, GEO Defendants have not adhered to the local rules regarding the sealing of documents and their motion is therefore untimely under the local rules. Accordingly, the Court denies GEO Defendants Motion to Seal (Dkt. 79) as waived and because they failed to file their Motion in accordance with local rules.

## CONCLUSION

For the reasons stated above, GEO Defendants' Motion to Seal (Dkt. 79) is denied. The Court will make determinations on the Parties' other pending motions in separate Orders or Reports and Recommendations.

Dated this 7th day of November, 2018.

David W. Christel
United States Magistrate Judge