UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS CHAVEZ FLORES,

    Plaintiff,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

    Defendants.

CASE NO. 3:18-cv-05139-BHS-DWC

ORDER DENYING MOTION FOR RECONSIDERATION

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Jesus Chavez Flores to United States Magistrate Judge David W. Christel. Before the Court is a Motion for Reconsideration ("Motion") filed by Defendant The GEO Group, Inc. ("GEO"). Dkt. 96.[1]

---

[1] The Court notes Plaintiff's Motion to File Third Amended Complaint (Dkt. 87) and ICE Defendants' Motion for Summary Judgment (Dkt. 90) are also pending before the Court. The Court will make a determination as to those motions in separate Orders or Reports and Recommendations. The Court also notes the Court's Report and Recommendation as to GEO Defendants' Motion for Summary Judgment (Dkt. 83), GEO Defendants' Objections to

1    Defendant GEO requests reconsideration of the Court's Report and Recommendation, specifically the Court's recommendation that summary judgment be denied as to Plaintiff's false imprisonment allegations against Defendant GEO and Defendant Warden Clark. Dkt. 96, p. 2. In the Court's Report and Recommendation, the Court found in relevant part there was a dispute of material fact as to the false imprisonment claim because Plaintiff had provided evidence he was not provided with a hearing before he was placed in disciplinary segregation. Dkt. 83, pp. 20-24. The Court relied on Plaintiff's declaration, as well as incident reports and reports from the hearings allegedly held before Plaintiff was placed in segregation. *Id*. Defendant GEO now argues the Court relied on false testimony in coming to its determination, and has provided additional evidence that Plaintiff was, in fact, provided notice of his hearings and was present at his disciplinary hearing. Dkt. 97, Aguirre Dec., ¶¶ 4-5; Dkt. 98, Riach Dec., ¶¶ 2-4.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Here, Defendant GEO does not argue the Court committed manifest error, but rather that there is evidence showing Plaintiff attended his disciplinary hearing that Defendant GEO did not submit when it filed its Motion for Summary Judgment. Dkt. 96, pp 2-3. Defendant GEO has now produced sworn declarations from Non-Party Aguirre and Non-Party Riach. Dkts. 97, 98. Non-Party Aguirre states he personally informed Plaintiff about his hearing on February 12, 2018, contradicting Plaintiff's declaration. Dkt. 97, Aguirre Dec., ¶ 5; *compare to* Dkt. 32, Chavez Dec., ¶ 27. Non-Party Riach states Plaintiff was, in fact, able to attend his February 14, 2018 hearing because Non-Party

---

the Report and Recommendation (Dkt. 95), and Plaintiff's Objections to the Report and Recommendation (Dkt. 99) are pending before the Honorable Benjamin H. Settle.

Riach accompanied Plaintiff to that hearing, again contradicting Plaintiff's declaration. Dkt. 98, Riach Dec., ¶ 2; *compare to* Dkt. 32, Chavez Dec., ¶ 29. However, the Court found in its Report and Recommendation "Plaintiff has shown there is a genuine issue of material fact regarding his claim of false imprisonment . . . ." Dkt. 83, p. 24. Though these declarations contradict Plaintiff's sworn testimony on the record, it does not change the fact that Plaintiff has shown a genuine issue of material fact as to whether he was actually able to attend the hearing. The production of these declarations only serves to highlight the fact that Plaintiff's sworn statements are in dispute with Defendant GEO's sworn statements. Though Defendant GEO argues "[Plaintiff] has been dishonest about receiving notice and attending his own hearing," Dkt. 96, p. 3, Plaintiff's honesty or dishonesty is not a matter for this Court to decide as part of a motion for summary judgment. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor"). Rather, Plaintiff's credibility must be left for determination by a trier of fact. Thus, because Defendant GEO's sworn submissions contradict Plaintiff's sworn submissions, there is still a genuine dispute of material fact as to Plaintiff's false imprisonment claim.

Further, Defendant GEO notes it did not present this evidence to the Court when it filed its Motion for Summary Judgment because it believed the documents it had already submitted proved Plaintiff had in fact received notice of his disciplinary hearings and had attended his February 14, 2018 hearing. Dkt. 96, p. 3. However, that fact does not show these declarations constitute new facts that could not have been presented earlier with reasonable diligence. *See* LCR 7(h). Because Defendant GEO could have raised these facts when they filed their Motion for Summary Judgment, the Court need not consider them here. *See Hausken v. Lewis*, 2014 WL 2440360, at *3 (W.D. Wash. May 30, 2014) (noting when the Court makes a determination on a

motion for reconsideration, "the Court does not have to consider new facts which could have been learned much earlier. . .").

Therefore, Defendant GEO has not shown the Court committed manifest error, or provided new facts or legal authority which could not have been presented earlier with reasonable diligence, when the Court earlier determined there was a dispute of material fact as to Plaintiff's false imprisonment claim. Accordingly, the Court denies Defendant GEO's Motion (Dkt. 96).

Dated this 8th day of November, 2018.

*David W. Christel*
United States Magistrate Judge