UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS CHAVEZ FLORES,

                Plaintiff,

    v.

US IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

                Defendants.

CASE NO. 3:18-CV-05139-BHS-DWC

ORDER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. On October 10, 2018, the undersigned entered a Report and Recommendation recommending GEO Defendants' Motion and Memorandum for Summary Judgment Dismissal of Plaintiff's Second Amended Complaint[1] be granted-in-part and denied-in-part. Dkt. 83. On January 18, 2019, the Honorable Benjamin H. Settle, the District Judge assigned to this case, granted Plaintiff leave to supplement the record, declined to adopt the

---

[1] The GEO Defendants' Motion for Summary Judgment was filed on behalf of The GEO Group, Inc., Lowell Clark, William McHatton, Michael Beardsley, Leroy Portillo, and GEO Does 1-10. *See* Dkt. 60.

Report and Recommendation, and re-referred GEO Defendants' Motion for Summary Judgment to the undersigned for further consideration. Dkt. 155.

Currently pending before the Court are the GEO Defendants' Motion for Summary Judgment, the Federal Government Defendants' Motion for Summary Judgment,[2] the parties' "LCR 37 Submission Regarding Plaintiff's Requests for Production Nos. 1, 2, 6, 7, 8, 14, 15,17, 18, 20, 21 and Interrogatories 3 & 4 to GEO Defendants and GEO's Counter Submission for a Protective Order" ("Motion to Compel"), and Plaintiff's "Motion to File Unredacted Video Recording Under Seal and to File Redacted Video Openly with the Court" ("Motion to Seal"). Dkt. 60, 90, 122, 133. After review of the Motions and the relevant record, the Motions for Summary Judgment (Dkt. 60, 90) are denied as moot, the Motion to Compel (Dkt. 122) is denied, and the Motion to Seal (Dkt. 133) is granted-in-part and denied-in-part. Additionally, the Court's November 7, 2018 Order on Motion to Seal (Dkt. 110) is vacated and GEO Defendants' Motion to Seal (Dkt. 79) is granted.

**I.      Motions for Summary Judgment (Dkt. 60, 90)**

In the Motions for Summary Judgment, Defendants seek dismissal of the claims alleged against them in the Second Amended Complaint. *See* Dkt. 60, 90. After the Motions for Summary Judgment were filed, Plaintiff was given leave to file an amended complaint and, on December 31, 2018, Plaintiff filed the Third Amended Complaint, naming additional Defendants and providing additional factual allegations. Dkt. 117, 120.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v.*

---

[2] The Federal Government Defendants' Motion was filed on behalf of United States Immigration and Customs Enforcement ("ICE"), Thomas D. Homan, Bryan Wilcox, Marc Moore, the ICE Does, and William Penaloza. *See* Dkt. 90.

*Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Motions for Summary Judgment attack the Second Amended Complaint, which is now "non-existent." *See* Dkt. 60, 90. The Third Amended Complaint has named additional Defendants and provided additional factual allegations that were not specifically addressed in the Motions for Summary Judgment. *See* Dkt. 60, 90, 120. Further, the Honorable Benjamin H. Settle, the District Judge assigned to this case, granted Plaintiff's request to file additional evidence, which would require additional briefing by the parties. *See* Dkt. 155; *see also* Dkt. 118 (requesting leave to supplement the record and file a five-page supplemental brief). The Court also notes, in Plaintiff's Response to ICE Defendants' Motion for Summary Judgment, Plaintiff requests a continuance of the ICE Defendants' Motion for Summary Judgment under Federal Rule Civil Procedure 56(d) so that he can conduct additional discovery. Dkt. 107.

In light of the Third Amended Complaint and Judge Settle's Order allowing Plaintiff to supplement the record, the Court finds the Motions for Summary Judgment are moot. Accordingly, the Motions for Summary Judgment (Dkt. 60, 90) are denied without prejudice and Defendants are allowed to re-file dispositive motions on or before April 19, 2019 based on the allegations contained in the Third Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the

scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").[3]

**II.     Motion to Compel (Dkt. 122)**

On December 31, 2018, the parties submitted the Motion to Compel pursuant to Local Civil Rule 37, wherein they raised several discovery disputes between Plaintiff and GEO Defendants. Dkt. 122. GEO Defendants assert several of the disputed discovery requests lack relevancy because GEO Defendants' Motion for Summary Judgment had been recommended to be granted-in-part. *See* Dkt. 122. GEO Defendants also request a partial stay of discovery pending final resolution of their pending Motion for Summary Judgment. *Id*.

The undersigned has denied GEO Defendants' Motion for Summary Judgment and Judge Settle has allowed Plaintiff to supplement the record. Therefore, the posture of the case has changed since the parties filed the Motion to Compel. As such, the Court finds the parties should meet and confer again regarding the discovery disputes, including any requests to strike documents from the record. The Court also finds GEO Defendants' request for a partial stay of discovery while their Motion for Summary Judgment is pending is moot because the Court has denied the Motions for Summary Judgment.

---

[3] The denial of a motion without prejudice is non-dispositive. *See Jones v. Corr. Corp. of Am.*, 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (internal quotations omitted) ("A denial without prejudice is different than a denial with prejudice in the sense that the former does not preclude a subsequent motion based on the same argument."). Therefore, in the interest of judicial efficiency and because the Court has denied the Motions for Summary Judgment without prejudice, the Court enters this Order denying the Motions for Summary Judgment, not a report and recommendation. *See McCain v. California Highway Patrol*, 2011 WL 6328221, at *1, n.1 (E.D. Cal. Dec. 16, 2011) (noting the magistrate judge's denial without prejudice of the plaintiff's partial motion for summary judgment was non-dispositive and, therefore, the magistrate judge was not required to submit findings and recommendations).

1  Accordingly, the Motion to Compel (Dkt. 122) is denied without prejudice. The parties may file a renewed discovery motion if they are unable to resolve discovery disputes after meeting and conferring.

### III. Motion to Seal (Dkt. 133)

On December 31, 2018, Plaintiff also filed a Motion to Seal, requesting an un-redacted version of video evidence ("Exhibit F") be filed under seal and a redacted version of the same video evidence ("Exhibit G") be filed openly with the Court. Dkt. 133. GEO Defendants request both Exhibits F and G be filed under seal as required by the Stipulated Protective Order. Dkt. 140.

Under the Stipulated Protective Order, the parties agreed "any video or photographs depicting individuals shall be blurred and/or partially redacted to protect individual identities prior to filing with the court, or filed with a stipulated motion to seal that satisfies Local Civil Rule 5(g)." Dkt. 93, p. 5.

The parties agree Exhibit F should be filed under seal, as it has not been redacted to protect individual identities. *See* Dkt. 133, 140. The Court has reviewed Exhibit G. While the faces of the individuals in the video have been blurred, the identities are not completely protected. For example, the blurred portion of the video does not adequately conceal the identities of several individuals. Further, at times, the blurred area in the video shifts, resulting in portions of faces becoming visible.

Accordingly, the Court finds both Exhibit F and Exhibit G shall be sealed in compliance with the Stipulated Protective Order. Accordingly, the Motion to Seal (Dkt. 133) is granted-in-part and denied-in-part.

1       The Court also notes a video and still shots filed on March 21, 2018 do not comply with

2 the subsequently-filed Stipulated Protective Order. *See* Dkt. 24 (notice of filing DVD video of

3 incident); Dkt. 25, Exhibit E (still shots). At the time the parties filed the proposed Stipulated

4 Protective Order, GEO Defendants requested the video and still shots filed in support of their

5 Motion for Summary Judgment be filed under seal and a redacted copy of the still shots be filed

6 openly with the Court. *See* Dkt. 79; *see also* Dkt. 86 (ICE Defendants' Response requesting the

7 documents be sealed to protect detainees' privacy). The Court denied the request to seal the

8 documents. Dkt. 110. To maintain consistency with this Order and the Stipulated Protective

9 Order, the Court has reconsidered the request to seal the documents and finds the video

10 submitted to the Court on March 21, 2018 (*see* Dkt. 24) and still shots identified under Exhibit E

11 to Docket Entry 25 should be filed under seal. Therefore, the Court vacates the November 7,

12 2018 Order on Motion to Seal (Dkt. 110) and grants GEO Defendants' Motion to Seal (Dkt. 79).

### IV. Conclusion

For the above stated reasons, the Motions for Summary Judgment (Dkt. 60, 90) are denied without prejudice, the Motion to Compel (Dkt. 122) is denied without prejudice, and the Motion to Seal (Dkt. 133) is granted-in-part and denied-in-part. Additionally, the Court's November 7, 2018 Order on Motion to Seal (Dkt. 110) is vacated and GEO Defendants' Motion to Seal (Dkt. 79) is granted.

The Clerk is directed to file Exhibit F (*see* Dkt. 132) and Exhibit G (*see* Dkt. 131) under seal. The Clerk is also directed to file the video filed with the Court on March 21, 2018, referenced at Docket Entry 24, and Docket Entry 25 under seal.

Counsel for GEO Defendants, Joan K. Mell, is directed to file a redacted version of Docket Entry 25 on or before March 1, 2019. Specifically, Ms. Mell should substitute the still shots in Exhibit E of Docket Entry 25 with redacted still shots.

The Pretrial Scheduling Order (Dkt. 77) remains in full force and effect.[4]

Dated this 13th day of February, 2019.

*David W. Christel*
David W. Christel
United States Magistrate Judge

---

[4] The Court will consider motions seeking to amend the Pretrial Scheduling Order.