UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS CHAVEZ FLORES,

    Plaintiff,

v.

US IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

    Defendants.

CASE NO. 3:18-CV-05139-BHS-DWC

ORDER DENYING LCR 37 MOTION

On March 26, 2019, Plaintiff Jesus Chavez Flores filed a "LCR 37 Joint Submission Regarding Plaintiff's Requests for Production ("Motion to Compel")," requesting the Court compel GEO Defendants[1] to respond to discovery requests. Dkt. 170. After reviewing the relevant record, the Court finds the parties are not an impasse. Accordingly, the Motion (Dkt. 170) is denied.

---

[1] "GEO Defendants" are Luis Aguirre, Michael Beardsley, Lowell Clark, Andreas Gordon, William McHatton, Leroy Portillo, Nels Riach, Michael Snyder, David Tracy, GEO Does 1-10, and the GEO Group Inc.

Case 3:18-cv-05139-BHS-DWC   Document 174   Filed 03/27/19   Page 2 of 4


## I. Compel Discovery Responses

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

At this time, the evidence shows the parties are still engaged in the discovery process, therefore, the parties have failed to show they have conferred in good faith and reached an impasse before seeking Court intervention. Ms. Mell submitted a declaration stating she is still producing discovery responses. *See* Dkt. 173, Mell Dec. Ms. Mell stated she would be producing documents this morning, March 27, 2019. *Id.* at ¶ 11. Further, evidence shows Ms. Mell agreed to produce additional evidence by April 4, 2019. *Id.* at ¶¶ 9, 12. Plaintiffs have even withdrawn some requested relief because of discovery produced on March 22, 2019. *See* Dkt. 170, p. 7. There is also evidence showing GEO Defendants have attempted to confer with Plaintiff prior to Plaintiff filing the Motion, including discussing discovery that was to be produced the day after Plaintiff's attorney, Eunice Cho, stated she was filing the Motion. Dkt. 173, Mell Dec., ¶ 11. Ms. Cho stated she had followed "protocol" and there was nothing left to discuss. *Id.*

GEO Defendants are continuing to produce documents and will be producing additional documents by April 4, 2019, which is 30 days after the Court held a hearing extending discovery

and directing GEO Defendants to respond to discovery.[2] Therefore, the Court finds the Motion is premature and the parties have not reached an impasse regarding discovery disputes. *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion).

For the above reasons, Plaintiff's Motion (Dkt. 170) is denied. The parties should only seek Court intervention if the parties reach an impasse on a substantive issue. *See Beasley*, 2014 WL 1268709 at *3; *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

**II.      Improperly Filed Motion**

The Court also notes there is a dispute over the *joint* status of the Motion. *See* Dkt. 173, Mell Dec. Ms. Mell states Plaintiff did not provide her with the opportunity to review final edits or concur in the presentation of the Motion to the Court. *Id.* at ¶ 6. Ms. Mell also declares Ms. Cho altered the form and content of the Motion, including deleting GEO Defendants' content. *Id.* at ¶ 7. The Court, therefore, finds there is evidence showing the Motion is not a *joint* submission.

---

[2] While Plaintiff argues he requested the discovery nine months ago, the Court finds the discovery period was "reset" at the March 5, 2019 status hearing. Therefore, the Court does not find GEO Defendants' 30 day response to discovery requests is unreasonable.

Accordingly, Plaintiff incorrectly noted the Motion as a "same day" expedited motion. *See* LCR 37(a)(2).

Further, under LCR 37(a)(2)(E), the parties are limited to 12 pages each. The Court finds Plaintiff appears to have exceed this page limitation. *See* Dkt. 170. Accordingly, if the parties properly submit a renewed LCR 37 motion, the Court directs the parties to comply with LCR 37 in its entirety.

### III.   Request for Sanctions

GEO Defendants request the Court sanction Plaintiff because the Motion was brought in bad faith. Dkt. 170, p. 5. The Court finds both parties have not shown the level of civility the Court expects regarding discovery disputes. While the Court is concerned with evidence showing Plaintiff has altered GEO Defendant's contributions to the Motion and titled the Motion *joint* when it was not a joint Motion, the Court will not issue sanctions at this time. However, the Court will not entertain frivolous motions and directs the parties to practice civility and make a genuine, good faith effort to resolve discovery disputes prior to involving the Court.

### IV.   Conclusion

For the above stated reasons, Plaintiff's Motion (Dkt. 170) is denied and the Court declines to issue sanctions against Plaintiff at this time.

Dated this 27th day of March, 2019.

David W. Christel
United States Magistrate Judge