UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS CHAVEZ FLORES,

    Plaintiff,

v.

US IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

    Defendants.

CASE NO. 3:18-CV-05139-BHS-DWC

ORDER DENYING LCR 37 MOTION

On April 10, 2019, Plaintiff Jesus Chavez Flores filed a "LCR 37 Submission Regarding Plaintiff's Requests for Production ("Motion to Compel")," requesting the Court compel ICE Defendants[1] to respond to discovery requests. Dkt. 177. After reviewing the relevant record, the Court finds the parties are not at an impasse regarding two of the four requests for production at issue. Further, Plaintiff has failed to show the relevancy of the two remaining requests for production. Accordingly, the Motion (Dkt. 177) is denied.

---

[1] "ICE Defendants" are U.S. Immigration and Customs Enforcement, Thomas D. Homan, Bryan Wilcox, William Penaloza, Marc J. Moore, Drew Bostock, Timothy Petrie, Brian Muirhead, and ICE Does.

**I.      Background and Legal Standard**

Plaintiff filed the Motion, wherein he requests the Court compel ICE Defendants to produce the documents requested in Request for Production ("RFP") Nos. 3-5 from Plaintiff's First Set of Requests for Production and RFP No. 3 from Plaintiff's Second Set of Requests for Production. *See* Dkt. 177.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

**II.     Meet and Confer**

At this time, the evidence shows the parties are still engaged in the discovery process regarding RFP No. 3 of the First Set of Requests for Production and RFP No. 3 of the Second Set of Requests for Production. *See* Dkt. 177. Therefore, the parties have failed to show they have conferred in good faith and reached an impasse before seeking Court intervention.

In the Motion, ICE Defendants assert that Plaintiff, for the first time, has suggested a willingness to narrow RFP No. 3 of the First Set of Requests for Production. Dkt. 177, p. 13. While Plaintiff denies this is the first time he has suggested narrowing the scope of this RFP, Plaintiff states he is willing to confer with ICE Defendants to provide assistance in search terms

related to the now-narrowed request. *See id*. at p. 14. As such, the Court finds the parties have not reached an impasse regarding RFP No. 3 of the First Set of Requests for Production.

The evidence also shows ICE Defendants are still searching for and attempting to produce documents related to RFP No. 3 of the Second Set of Requests for Production. Dkt. 179, Morehead Dec., ¶¶ 5-6. Further, Plaintiff states that, if ICE Defendants are willing to certify all responsive documents have been provided by GEO Defendants, he will withdraw the request. Dkt. 177, p. 27. As ICE Defendants are "working on this request," there is no indication the parties have met and conferred and have reached an impasse.

For the above stated reasons, the Court finds the parties have not reached an impasse regarding RFP Nos. 3 from both the First and Second Set of Requests for Production. Accordingly, the Court finds the Motion is premature as to RFP Nos. 3 from the First and Second Sets of Requests for Production as the parties have not reached an impasse regarding the alleged discovery disputes. *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion).

As previously directed, parties should only seek Court intervention if the parties reach an impasse on a substantive issue. *See Beasley*, 2014 WL 1268709 at *3; *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial

1  intervention is appropriate only when "informal negotiations have reached an impasse on the
2  substantive issue in dispute").

3  **III.     Overbroad, Irrelevant Discovery Requests**

4  In RFP 4 of the First Set of Requests for Production, Plaintiff requested production of "all
5  documents and communications referring to or related to hunger strikes at the Northwest
6  Detention Center, including emails, trainings, procedures, or protocols from January 1, 2013 to
7  the present" ("RFP 4"). Dkt. 177, p. 14. In RFP 5 of the First Set of Requests for Production,
8  Plaintiff requested production of "all documents and communications referring to or related to
9  the use of segregation of individuals involved in hunger strikes, protests, or detainee disturbances
10 at the Northwest Detention Center, including emails, trainings, procedures, or protocols from
11 January 1, 2013 to the present" ("RFP 5"). *Id*. at p. 19.

12 ICE Defendants state they have produced nearly two thousand pages of documents in this
13 case, including emails and other documents related to Plaintiff's alleged participation in a hunger
14 strike, and ICE's policies, procedures, and protocols regarding hunger strikes. *See* Dkt. 177, p.
15 16; Dkt. 179, Morehead Dec., ¶ 8; Dkt. 180, Bostock Dec., ¶ 5. ICE Defendants have produced
16 all known policies, procedures, and protocols regarding hunger strikes. Dkt. 180, Bostock Dec., ¶
17 5. Plaintiff has not shown there are additional policies, procedures or protocols that need to be
18 produced related to RFP 4 or RFP 5. *See* Dkt. 177.

19 Furthermore, Plaintiff has not shown how the broad scope of RFP 4 and RFP 5 is relevant
20 to the claims in this case. *See* Dkt. 177. Plaintiff, in a conclusory manner, states Plaintiff's claims
21 are based, in part, on Defendants' alleged retaliation against Plaintiff for Plaintiff's involvement
22 in a peaceful hunger strike. *See* Dkt. 177, pp. 15, 20. Plaintiff does not explain why seven years
23 of documents regarding hunger strikes and the use of segregation of all individuals involved in
24

hunger strikes, protests, or detainee disturbances are relevant to his First Amendment claim against Defendants. *See id*. For example, Plaintiff has not shown how all documents and communications related to the use of segregation following detainee disturbances is related to Plaintiff's alleged one-time event of being placed in segregation. *See* Dkt. 177. Without more information from Plaintiff, the Court finds Plaintiff has not shown the broad requests in RFP 4 and RFP 5 are relevant to this case. *See e.g. Cotton v. Runnels*, 2009 WL 1226955 (E.D. Cal. April 29, 2009) (finding discovery requests overly broad, vague, or lacking relevance where prisoner plaintiff sought discovery such as "all incident reports, medical reports that . . . refer to incidents of inmate overdoses" from the opening of a prison to present).

The Court, however, finds that there could be relevant, discoverable documents contained within RFP 4 and RFP 5. Therefore, the parties are directed to meet and confer and re-evaluate the scope and relevancy of the documents requested.[2]

**IV.      Conclusion**

For the above stated reasons, Plaintiff's Motion (Dkt. 177) is denied without prejudice.

Dated this 26th day of April, 2019.

David W. Christel
United States Magistrate Judge

---

[2] The Court notes that, if ICE Defendants continue to assert the requests are overly-burdensome, the Court will direct ICE Defendants to provide evidence of the number of documents generated by the searches so the Court can determine if the requests are overly-burdensome.